UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROSE BURCH STABLER | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 13-160 |
| | * | |
| MARK RYAN | * | SECTION "L"(4) |

### ORDER AND REASONS

The Court has pending before it Defendant Mark Ryan's motion to dismiss (Rec. Doc. 7) and motion for sanctions (Rec. Doc. 11). The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

### I.   BACKGROUND

This case arises out of divorce proceedings and subsequent malpractice litigation in Baldwin County, Alabama. Defendant Mark Ryan, an Alabama resident, represented Plaintiff Rose Stabler, currently a Louisiana resident, in her Alabama divorce proceedings. (Compl., Rec. Doc. 1 at ¶ 3). As part of those divorce proceedings, Defendant negotiated a settlement under which Plaintiff would be entitled to keep her house (also in Alabama). *Id.* at ¶ 8. Plaintiff alleges that Defendant committed malpractice in failing to secure the release of an IRS tax lien that was on the property as a result of taxes owed by her ex-husband. *Id.* at ¶¶ 7, 9. Plaintiff alleges that as a result of Defendant's negligence, the IRS evicted her from her home in 2009. *Id.* at ¶ 43.

Plaintiff claims that Defendant's performance was deficient due to his alleged failure to convey to Plaintiff a telephone message that he received from an IRS employee in New Orleans, Louisiana. *Id.* at ¶ 49. In that message, IRS manager Jacqueline Johns allegedly stated that the IRS would be unlikely to seize Plaintiff's house if Plaintiff pursued refinancing, but that the IRS

would likely move forward with seizure if Plaintiff declined the refinancing. *Id.* at ¶ 48. Plaintiff alleges that had she known this, she would have agreed to refinance, but in fact, since she did not have this information, she declined the opportunity. *Id.* at ¶¶ 50-51. Plaintiff claims that Defendant promised her multiple times that the lien would be released, *id.* at ¶ 52, and that she did not obtain any information to the contrary until she received a letter from her accountant stating that the IRS would not release the lien, *id.* at ¶ 62. Plaintiff alleges that Defendant "fraudulently suppressed" Ms. Johns' telephone message from Plaintiff until 2009, during the malpractice litigation against Defendant. *Id.* at ¶ 65. Plaintiff also claims that Defendant "fraudulently concealed" from her a child support order issued during the divorce proceedings. *Id.* at ¶ 83.

After the resolution of her divorce proceedings, Plaintiff brought the first of two malpractice suits against Defendant in Alabama. *Id.* at ¶ 4. The Complaint in that case included two counts, negligence and breach of contract. *Id.* at ¶ 114. The Judge initially assigned to the case recused himself, as did the other Judges in the Baldwin County trial court. *Id.* at ¶ 18. As a result, a retired Judge was specially appointed to preside over Plaintiff's case. *Id.* at ¶ 32. Plaintiff alleges that Defendant improperly communicated *ex parte* with this Judge, *id.* at ¶ 38, and tampered with the documents submitted to the Judge in support of a summary judgment motion, *id.* at ¶ 100. The Court ultimately granted Defendant's motion, holding that Plaintiff's claims were barred by the applicable statute of limitations. *Id.* at ¶ 99. Plaintiff pursued a pro se appeal of this ruling, *id.* at ¶ 110, but the Alabama Supreme Court affirmed the decision with no opinion, *id.* at ¶ 112.

Plaintiff then filed a second malpractice suit against Defendant. *Id.* at ¶ 137. This

Complaint included six counts, *id.* at ¶ 138, and Plaintiff characterizes it as "a fraud claim based on the fraudulent concealment of the Child Support Order and the fraudulent suppression of the IRS telephone message from Ms. Johns," *id.* at ¶ 137. Plaintiff requested a change of venue, *id.* at ¶ 139, but that motion was ultimately denied, *id.* at ¶ 157. Again, due to the recusal of all the local Judges, a second retired Judge was specially appointed for Plaintiff's case. *Id.* at ¶ 145. Plaintiff alleges that *ex parte* communication took place between the Defendant and this Judge. *Id.* at ¶ 151. Plaintiff also claims that the Judge improperly granted Defendant's motion to dismiss on res judicata grounds without reading or considering the briefs or arguments that Plaintiff submitted. *Id.* at ¶¶ 156, 161, 164. She also claims that the Judge improperly allowed Defendant to introduce evidence while adjudicating one of Plaintiff's post-judgment motions. *Id.* at ¶ 171. Again, Plaintiff appealed to the Alabama Supreme Court, *id.* at ¶ 192, and again, the Alabama Supreme Court affirmed with no opinion. *Id.* at p. 36, ¶ 133. Plaintiff attempted to request rehearing, but she alleges that she received the notice late, *id.* at ¶ 211, and also did not receive a courtesy phone call informing her of the decision, *id.* at ¶ 210. Thus, her request was apparently stricken as untimely. *Id.* at ¶ 224.

On January 28, 2013, Plaintiff filed suit in this Court. Plaintiff characterizes this claim as an "independent action" pursuant to Federal Rule of Civil Procedure 60(b) and Alabama Rule of Civil Procedure 60(b). She asks this Court to invoke its alleged "power . . . to set aside state court judgments due to Fraud on the Court." *Id.* at ¶ 10. She alleges that she believes this Court "will be free from the prejudicial conduct she has encountered in the courts of Alabama while attempting to litigate her two *pro se* cases v. attorney defendants." *Id.* at ¶ 13. In her prayer for relief, Plaintiff requests that the Court: (1) order that Defendant appear and answer the

Complaint; (2) enter judgment in Plaintiff's favor declaring the dismissals of her state court cases unjust; (3) "relieve" Plaintiff of the state court judgments; (4) permit Plaintiff to "re-file her cause of action against the Defendant" in this Court; (5) allow Plaintiff to proceed with her malpractice case without being barred by res judicata or collateral estoppel; and (6) award any other appropriate relief. *Id.* at pp. 41-42, ¶¶ 1-6.

## II.   PRESENT MOTIONS

Two motions are currently pending before the Court. First, Defendant moves to dismiss the Complaint. (Rec. Doc. 7). Defendant argues that this Court lacks personal jurisdiction over him and lacks subject matter jurisdiction over Plaintiff's claims. Plaintiff opposes the motion and argues that Defendant has sufficient contacts with Louisiana to allow this Court to exercise personal jurisdiction over him. Plaintiff also argues that she has properly pled an independent action for Rule 60(b) relief, and that the matter falls under the Court's diversity jurisdiction. Second, Defendant moves for sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11. (Rec. Doc. 11). Defendant argues that Plaintiff's lawsuit is frivolous, and that her repeated attempts to litigate similar claims against him are harassing.

## III.   LAW AND ANALYSIS

In his motion to dismiss, Defendant argues that Plaintiff's Complaint is problematic for a number of reasons—principally, lack of personal jurisdiction and lack of subject matter jurisdiction. The Court must always be assured that it has subject matter jurisdiction. *See, e.g.*, *Free v. Abbott Labs., Inc.*, 164 F.3d 270, 272 (5th Cir. 1999). Therefore, the Court will address that issue first.

The *Rooker-Feldman* doctrine provides that federal courts lack subject matter jurisdiction

over challenges to state court decisions. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). As the Supreme Court recently explained, *Rooker-Feldman* bars "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Put another way, *Rooker-Feldman* prevents a party who has lost her case in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1995). The *Rooker-Feldman* doctrine applies not only to issues actually decided by a state court, but also to issues "inextricably intertwined" with the state court's judgment. *Exxon Mobil Corp.*, 544 U.S. at 286 & n.1.

Defendant argues that Plaintiff's case falls squarely within the *Rooker-Feldman* doctrine, and therefore, this Court lacks subject matter jurisdiction over it. Plaintiff's argument in opposition is that her claim falls under a "fraud exception" to that doctrine. Plaintiff relies most heavily on a Ninth Circuit case, *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004), which held that *Rooker-Feldman* "does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud." *Id.* at 1141. The Ninth Circuit distinguished such causes of action from those in which a plaintiff seeks to set aside a state court judgment based on "a legal error by the state court," which would fall within *Rooker-Feldman*. *Id.* at 1140.[1]

---

[1] Plaintiff also cites *Frame v. Lowe*, Civil No. 09-2673, 2010 WL 503024 (D.N.J. Feb. 8, 2010), in which a federal district court permitted a plaintiff to proceed with two claims for declaratory judgment that the defendants fraudulently procured judgments against her in state

Fifth Circuit precedent differs on this point, however. Recently, in *Truong v. Bank of America, N.A.*, — F.3d —, 2013 WL 1809765 (5th Cir. 2013), the Fifth Circuit decided whether the *Rooker-Feldman* doctrine applied to a complaint alleging that the "unfair and deceptive" acts of two banks resulted in wrongful foreclosure on the plaintiff's mortgage loan. *Id.* at *2. The plaintiff in *Truong* had requested damages and also included a claim for a declaratory judgment. *Id.* In determining whether *Rooker-Feldman* forbade the plaintiff from bringing the case, the Fifth Circuit explained: "One hallmark of the *Rooker-Feldman* inquiry is what the federal court is being asked to review and reject. A federal district court lacks jurisdiction over challenges to *state court decisions in particular cases* arising out of *judicial proceedings*." *Id.* at *3 (citations omitted) (international quotation marks omitted). The Fifth Circuit continued that the second "hallmark" is "the source of the federal plaintiff's alleged injury," and specifically, whether the plaintiff asserts as a legal wrong "an allegedly erroneous decision by a state court" or "an allegedly illegal act or omission by an adverse party." *Id.* at *4 (citations omitted) (internal quotation marks omitted).

In the case of the *Truong* plaintiff, the Fifth Circuit held that her claim was an independent action not barred by *Rooker-Feldman*, because she was seeking damages for the two banks' conduct in state litigation, rather than alleging attempting to appeal the state decision itself. *Id.* In other words, "*Truong did not seek to overturn the state-court judgment*, and the damages she requested were for injuries caused by the banks' actions, not injuries arising from

---

court litigation. *Id.* at *6. In that case, the court reasoned that "[f]raud in the procurement of a judgment is an 'independent claim' that is not barred by *Rooker-Feldman*." *Id.* However, the court distinguished and dismissed a separate count of the plaintiff's complaint that asked the court to "review and invalidate" a state court's ruling. *Id.* at *5. Thus, this case is not helpful to Plaintiff, as she requests the latter type of relief.

the foreclosure judgment." *Id.* (emphasis added). In a footnote, the Fifth Circuit clarified that there is "no general rule that *any* claim that relies on a fraud allegation is an 'independent claim' for *Rooker-Feldman* purposes. *Id.* at n.3. The Court expressly distinguished cases in which parties brought direct challenges to state court judgments. *E.g.*, *Magor v. GMAC Mortgage, L.L.C.*, 456 F. App'x 334, 336 (5th Cir. 2011) (concluding that *Rooker-Feldman* bars a claim that a state foreclosure judgment was procured through fraud because "reversal of the state court's foreclosure judgment would be a necessary part of the relief requested").[2]

The instant case is far more similar to the cases listed in that footnote than to *Truong* itself. Rather than seeking damages or other relief due to Defendant's allegedly fraudulent acts, Plaintiff seeks relief from the state court judgment itself. Put differently, both the first and second "hallmarks" that the Fifth Circuit identified in *Truong* point toward a conclusion that *Rooker-Feldman* applies here. Under the Fifth Circuit's line of cases, it is immaterial that Plaintiff has alleged fraud on the court. Because her complaint is an attack on a state court judgment itself, *Rooker-Feldman* bars her claim, and this Court lacks subject matter jurisdiction over it.

Even if the Court had subject matter jurisdiction, however, Plaintiff would not be able to proceed with her case because this Court lacks personal jurisdiction over the Defendant. Plaintiff's Complaint does not set forth any basis upon which the Court can conclude that

---

[2] One of these cases was substantially similar to the instant case. *See Turner v. Chase*, 334 F. App'x 657 (5th Cir. 2009). That case involved a federal court challenge to a state court divorce judgment, in which the plaintiff asked that the federal court vacate the judgment due to allegations that, *inter alia*, the judgment was "obtained by fraud." *Id.* at 659. The Fifth Circuit affirmed the district court's dismissal of the case as "squarely within the category of cases covered by the *Rooker-Feldman* doctrine," since "the complaint clearly comprised a collateral attack on the state court's judgment." *Id.* at 660.

Defendant established the required minimum contacts with Louisiana such that an exercise of either specific or general personal jurisdiction over him is appropriate. Defendant is an Alabama lawyer who represented Plaintiff in an Alabama divorce. The alleged conduct and injuries that form the basis of Plaintiff's Complaint all occurred in Alabama. Plaintiff does allege that Defendant interacted with an IRS employee located in Louisiana as part of his representation of her, but this fact does not establish that Defendant "purposely avail[ed] [him]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) (internal quotation marks omitted). Rather, it indicates the type of "random," "fortuitous," and "attenuated" contacts that may not form the basis of specific personal jurisdiction. *Id.* Moreover, there is no basis upon which the Court can conclude that Defendant had the type of "continuous and systematic general business contacts" with Louisiana in order to allow the exercise of general personal jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 468 U.S. 408, 416 (1984). Neither is it sufficient that Plaintiff now claims to be a Louisiana resident, and may have divided her time between Alabama and Louisiana while Defendant represented her. Plaintiff simply has not pointed to any factual allegations that would justify haling Defendant into a Louisiana court.

Defendant also raises numerous other concerns with Plaintiff's Complaint in his motion, but the Court does not have to reach those issues. Either a lack of subject matter jurisdiction or a lack of personal jurisdiction alone would be fatal to Plaintiff's claims, and Defendant has persuasively demonstrated both. Thus, the Court will grant Defendant's motion to dismiss. Nonetheless, the Court does not believe that Rule 11 sanctions are warranted in this case. Plaintiff is proceeding in this matter pro se, and while this fact does not render her immune from

sanctions, it does suggest that a more lenient standard is appropriate. Plaintiff has submitted substantial legal briefs in opposition to Defendant's motion, and the Court sees no evidence that she made any of those arguments in bad faith. Moreover, while the Court states no opinion on whether the majority of the allegations in the Complaint are accurate, it does not doubt that the loss of Plaintiff's home represented a great personal trauma for her. While the Court strongly cautions Plaintiff against continuing to relitigate her claims against Defendant, it will decline to exercise its discretion to award sanctions in this case, and will deny Defendant's motion.

## IV.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's motion to dismiss (Rec. Doc. 7) is GRANTED. Plaintiff's claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendant's motion for sanctions (Rec. Doc. 11) is DENIED.

New Orleans, Louisiana, this 7th day of June, 2013.

_____
UNITED STATES DISTRICT JUDGE