UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROSE BURCH STABLER            CIVIL ACTION

VERSUS            NO. 13-0160

MARK RYAN            SECTION "L" (4)

## ORDER & REASONS

The Court has pending before it Plaintiff Rose Burch Stabler's motion to substitute judge for cause (Rec. Doc. 26), her motion requesting appointment of counsel (Rec. Doc. 30), her motion for leave to file a memorandum in support of her motion to amend (Rec. Doc. 31), and her motion seeking electronic case filing privileges (Rec. Doc. 32). The Court has reviewed the briefs and the applicable law, and it now issues this order.

The Court has previously set forth the background of this case in its June 7, 2013, order, in which the Court dismissed Plaintiff's claims. (Rec. Doc. 24). A judgment was entered in favor of Defendant Mark Ryan on June 14, 2013. (Rec. Doc. 25). Plaintiff then filed the present motions. She also filed a motion for leave to amend the pleadings (Rec. Doc. 29), which was referred to Magistrate Judge Roby. On August 20, 2013, Magistrate Judge Roby denied Plaintiff's motion for leave to amend.

Prior to addressing the present motions, the Court affirms Magistrate Judge Roby's denial of Plaintiff's motion for leave to amend and adds the following supplemental analysis. Magistrate Judge Roby properly addressed the appropriateness of Plaintiff's Rule 59(e) motion to vacate its judgment in conjunction with Plaintiff's Rule 15 motion to amend the dismissed complaint. Procedurally, "[w]hen a district court dismisses the complaint, but does not terminate the action altogether, the plaintiff may amend under Rule 15(a) with permission of the district court."

*Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). However, after a court has entered a final judgment, "a plaintiff may request leave to amend only by either appealing the judgment, or [by] seeking to alter or reopen the judgment under Rule 59 or 60." *Id.* Here, this Court's dismissal was with prejudice. (Rec. Doc. 24).When a district court dismisses an action with prejudice, it "intend[s] to terminate the action, not merely dismiss the complaint." *Rosenzweig*, 332 F.3d at 864 (citing *Whitaker v. City of Houston*, 963 F.2d 831, 835 (5th Cir. 1992). Thus, "[u]nder the rule in this Circuit, [a] plaintiff['s] post-dismissal motion must be treated as a motion under Rule 59(e), not Rule 15(a)." *Id.*

A Rule 59(e) motion to alter or amend the judgment "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). The motion "cannot be used to raise arguments which could, and should, have been made before the judgment [was] issued." *Id.* However, the Fifth Circuit "has held that, under these circumstances, the considerations for a Rule 59(e) motion are governed by Rule 15(a)."*Rosenzweig*, 332 F.3d at 864. This procedural mechanism balances the integrity of the court system, which favors "finality of judgment," with "the federal policy of allowing liberal amendments under the rules." *S. Constructors Group, Inc. v. Dynalectric Co.*, F.3d 606, 611 (5th Cir. 1993). Thus, Plaintiff's Rule 59(e) motion is reviewed in light of the substantive requirements of Rule 15(a).

In assessing the appropriateness of vacating a judgment under Rule 59(e) for the purpose of allowing a plaintiff to amend pleadings under Rule 15(a), at least five factors must be considered: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment . . . ." *Foman v.*

2

*Davis*, 371 U.S. 178, 182 (1962). Additionally, it is "appropriate for a court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th. Cir. 1981) (citing *Zenith Radio v. Hazeltine Research*, 401 U.S. 321, 329 (1971)). A district court does not abuse its discretion in denying a plaintiff's motion to amend if the presence of the above factors provide the basis for the court's stated reasons. *See Rosenzweig* 332 F.3d at 864-65; *Dussouy*, 660 F.2d at 597. In turn, each of these factors must be considered.

First, a court evaluates whether a plaintiff's delay in filing the motion until after the dismissal of the case warrants a court's denial of a motion to amend pleadings. *Foman*, 371 U.S. at 182. However, "[d]elay alone cannot justify the decision of the trial court." *Dussouy*, 660 F.2d at 598. "Mere passage of time need not result in refusal of leave to amend; on the contrary, it is only undue delay that forecloses amendment." *Id.* In fact, an "[a]mendment can be appropriate as late as trial or even after trial." *Id.* However, the Fifth Circuit "has consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling." *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) (quoting *Briddle v. Scott*, 63 F.3d 364, 380 (5th Cir. 1995)).

For example, in *Vielma v. Eureka Co.*, the Fifth Circuit upheld the district court's denial of the plaintiff's motion to amend her complaint to include federal age and disability discrimination claims after the district court had entered judgment against her. 218 F.3d at 468. In that case, the district court granted summary judgment in favor of the employer because the employee's age and disability discrimination state claims were time-barred. *Id.* The district court subsequently denied the employee's motion to amend her complaint to include federal claims. *Id.*

3

at 460. In reviewing the district court's decision to deny the motion to amend under an abuse of discretion standard, the Fifth Circuit held that the employee had "ample notice of [defendant's] summary judgment motion, including its stated ground that her [state] claims were time-barred. Accordingly, [she] could have sought to amend her complaint under Rule 15 . . . well before the court entered judgment." *Id.* at 468-69. Here, Plaintiff moved to vacate the dismissal by amending her pleadings on July 8, 2013, 26 days after judgment was entered on June 13, 2013.[1] However, she could have moved to amend her complaint well in advance of the Court entry of judgment. Thus, this Court finds that Plaintiff failed to file her motion in a timely manner.

Second, a court evaluates whether a plaintiff acted in bad faith or with dilatory motive in failing to amend pleadings before the action was dismissed. *Foman*, 371 U.S. at 182. "Ordinarily, the dismissal of a pro se complaint should be without prejudice in order to afford the plaintiff an opportunity to file an amended complaint." *Lyons v. Sheetz*, 834 F.2d 493, 496 (5th Cir. 1987) (citing *Good v. Allain*, 823 F.2d 64 (5th Cir. 1987)). However, "this rule . . . should not and does not apply to bad faith litigators." *Id.* A showing that litigant essentially filed the same frivolous suit numerous times will support a finding of bad faith. *See id.* Furthermore, bad faith exists when a plaintiff is "[a]ware[ ] of facts and fail[s] to include them in the complaint . . . giv[ing] rise to the inference that the plaintiff was engaging in tactical maneuvers to force the court to consider various theories." *Dussouy*, 660 F.2d at 599. The policy seeks to prevent parties from "rely[ing] on one theory in attempt to defeat a motion for summary judgment and then,

---

[1] The Fifth Circuit has taken different approaches in analyzing whether a plaintiff exhibited undue delay in filing a motion after a district court entered a final judgment. For example, the Fifth Circuit in *Vielma*, emphasized that the plaintiff could have filed the motion to amend her complaint before the court entered a judgment against her and thus, upheld the district court's finding of undue delay. 218 F.3d at 468-69. Conversely, the Fifth Circuit in *Dussouy v. Gulf Coast Investment Corp.*, measured the length of time from when the district court dismissed the case to when the plaintiff filed the motion to amend. 660 F.2d at 599. In doing so, that court found that filing the motion 41 days after the court entered judgment was a reasonable time. *Id.*

4

should the theory prove unsound, come back long thereafter and fight on the basis of some other theory." *Vielma*, 218 F.3d at 468 (quoting *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469-70 (5th Cir. 1967)) (citation omitted).

For example, in *Lyons v. Sheetz*, the Fifth Circuit found that the *pro se* litigants acted in bad faith by filing "essentially the same suit three times." 834 F.2d at 496. That case involved a civilian Army employee who was discharged for his "unsatisfactory performance." *Id.* at 494. After the federal district court dismissed the plaintiff's original suit challenging his discharge from the Army, he subsequently filed two actions alleging that he was slandered in connection with the lawsuit and setting forth a 42 U.S.C § 1983 claim against the Assistant U.S. Attorneys, the counsel of record for the defendant, and the circuit judges who denied his application for rehearing. *Id.* at 494-95. The Fifth Circuit held that dismissal was proper because the complaints failed to state a claim. *Id.* at 495. Here, Plaintiff has disregarded the Court's instruction that she cease relitigating her claims against Defendant, and she has essentially attempted to take another bite at the apple by relying on the same facts in alleging an inapplicable legal theory. (*See* Rec. Doc. 24). Setting aside the futility of her claims, Plaintiff's failure to include additional theories of her case in the complaint suggests bad faith because the "facts relevant to the proposed amendment were known to the [Plaintiff] at the time she filed her original complaint." *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979). Thus, the Court finds that Plaintiff has acted in bad faith by continuing to file the same suit against Defendant successively and despite the Court's warnings, and thus, this factor works against her.

Third, a court need not consider whether a plaintiff failed to cure deficiencies in the complaint through previously allowed amendments, where there were no prior amendments. (Rec. Doc. 29-3). Thus, this factor is inapplicable in this case.

Fourth, a court considers the futility of a plaintiff's proposed amendments. *Foman*, 371 U.S. at 182. "A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading Co.*, 195 F.3d 765, 771 (5th Cir. 1999). "The liberal amendment . . . of [Rule]15(a) do[es] not require that courts indulge in futile gestures." *DeLoach v. Woodley*, 405 F.2d 496, 497 (5th Cir. 1968). In determining futility, "the court applies the same standard of legal sufficiency as . . . under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Rule 12(b)(6) allows dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Similarly, a frivolous claim "is one that relies on legal points that are not arguable on their merits." *Lyons v. Sheetz*, 834 F.2d at 496. For example, in *Rosenzweig*, the Fifth Circuit affirmed the district court's denial of plaintiffs' motion to amend because they failed to raise "any facts which were not available previous to the district court's opinion." 332 F.3d at 865. In particular, their proposed amendment set forth a new legal theory that "hardly present[ed] any new information" and failed to explain the facts "with any particularity [or] connect the[ ] facts to a legal claim," thus "giving no indication that they would be able to meet the rigorous pleading requirements." *Id.*

Like the plaintiffs in *Rosenzweig*, if the Plaintiff here had been granted leave to amend her complaint, her proposed claims would not have survived a motion to dismiss. As this Court has previously stated, "[e]ither a lack of subject matter jurisdiction or a lack of personal jurisdiction alone would be fatal to Plaintiff's claims." (Rec. Doc. 24). It is thus necessary to determine whether Plaintiff has alleged additional facts in her proposed amended complaint that would authorize the Court to now exercise jurisdiction over Defendant. In her amended complaint, Plaintiff attempted to establish jurisdiction by relying on the same factual allegations

she set forth in her original complaint, which was previously dismissed. In particular, she alleges that Defendant communicated with an Internal Revenue Service ("IRS") employee located in Louisiana as part of Defendant's representation of her. (Rec. Doc. 29). However, in considering this allegation, this Court has already held that "there is no basis upon which [to] conclude that Defendant had the type of 'continuous and systematic general business contacts' with Louisiana in order to exercise general personal jurisdiction." (Rec. Doc. 24 (quoting *Helicopteros Nacionales de Colombia, S.a. v. Hall*, 466 U.S. 408, 416 (1984))). Furthermore, the additional fact alleged in support of her 42 U.S.C § 1983 claim, that the IRS agent included "a Gulfport, MS address on the cover of her report, which is time stamped 'Internal Revenue Service . . . New Orleans, LA,'" works against Plaintiff in establishing jurisdiction over Defendant, as it further demonstrates the apparent fortuity of the alleged contact with Louisiana. (Rec. Doc. 29). While Plaintiff has set forth a § 1983 claim within her amended complaint, this Court is simply unable to reach the merits of Plaintiff's claims absent jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1988). In particular, "subject matter jurisdiction and personal jurisdiction claims are 'threshold grounds for denying audience to a case on the merits,' and require that the courts reach the threshold claims before reaching claims on the merits." *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)). However, assuming *arguendo*, that Plaintiff would have been able to establish personal and subject matter jurisdiction over Defendant, and giving Plaintiff's amended complaint, setting forth a §1983 claim, "the most liberal interpretation," Plaintiff would still "prove no set of facts in support of [her] §1983 claim because there is no hint of state action here." *Lyons*, 834 F.2d at 496 (citing *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982)). Plaintiff has failed to allege any additional factual

7

allegations that would have allowed this Court to vacate its June 13, 2013, judgment and exercise personal or subject matter jurisdiction over Defendant Thus, this factor weighs heavily against Plaintiff because her claims are inherently futile.

In light of the futility of Plaintiff's proposed amended complaint, a court considers a fifth factor, namely whether Defendant would be unjustly prejudiced if Plaintiff were granted leave to amend the complaint. *Foman*, 371 U.S. at 182. A defendant is unjustly prejudiced if, for example, an added claim "necessitate[s] reiteration of discovery proceedings." *Dussouy*, 660 F.2d at 599. For example, in *Smith v. EMC Corp.*, the Fifth Circuit upheld the district court's denial of a plaintiff's motion to include a fraud claim, filed two days before the conclusion of the trial, because it would be unduly prejudicial to the defendant if granted. 393 F.3d 590, 596 (5th Cir. 2004). The Fifth Circuit relied on the district court's finding that the submitted evidence failed to support a fraud claim and that reopening discovery would "have caused considerable delay and expense for [the defendant]." *Id.* Here, requiring Defendant to continue litigating claims that are inherently futile would have worked to unduly prejudice Defendant because it would have necessitated the reiteration of discovery proceedings resulting from the addition of a §1983 claim that has no plausible basis for recovery.

Lastly, a court must consider the effect an amendment would have on judicial resources. "The overriding consideration appears in Rule 1," which directs that the Federal Rules of Civil Procedure "be construed to secure the just, speedy, and inexpensive determination of every action." *Dussouy*, 660 F.2d at 599 (quoting FED. R. CIV. P. 1). "At some point, a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792–93 (5th Cir. 1986). Here, allowing Plaintiff to amend her dismissed complaint

would waste the parties' and the Court's resources, as her amendments are futile. Thus, this factor also weighs heavily against Plaintiff.

After considering each factor, this Court concludes that Magistrate Judge Roby properly denied Plaintiff's motion for leave to amend her dismissed complaint because Plaintiff's proposed amendments failed to assert additional facts or allegations that could have substantiated her claims and allow for recovery. Given that Plaintiff's motion for leave to amend was properly denied, the Court concludes that Plaintiff's remaining motions are moot. As this Court has previously indicated, it "strongly cautions Plaintiff against continuing to relitigate her claims against Defendant." (Rec. Doc. 24). If Plaintiff continues to file frivolous claims against Defendant, this Court will exercise its discretion to award sanctions.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion to substitute judge for cause (Rec. Doc. 26) is **WITHDRAWN**, pursuant to Plaintiff's request (Rec. Doc. 28), and that Plaintiff's remaining motions (Rec. Docs. 30, 31, 32) are **DENIED** as moot.

New Orleans, Louisiana, this 19th day of November, 2013.

_____
UNITED STATES DISTRICT JUDGE